UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SAMUEL VAZQUEZ**,

    Plaintiff,

v.                                                               2:24-cv-351-JLB-NPM

**LOWE'S HOME CENTERS, LLC**,

    Defendant.

## ORDER REMANDING CASE TO STATE COURT

In November of 2022, plaintiff Samuel Vazquez visited a Lowe's in Naples, Florida. (Doc. 6). While there, he suffered "an injury to his left arm" when a Lowe's employee was lifting sheets of drywall. (*Id.* at ¶ 7). On March 23, 2023, Vazquez initiated a negligence action in state court against Lowe's Home Centers, LLC. (*Id.* at ¶ 9). Invoking diversity jurisdiction, Lowe's timely removed the case. (Doc. 1). Now, Vazquez moves to remand the case back to state court.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Here, that requires a showing of complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). Only the latter is at issue. The complaint alleges that Vazquez is seeking damages that "exceed $50,000." (Doc. 6 at ¶ 1). And when a complaint does "not allege [] a specific amount of damages, the defendant seeking

removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1293 n.4 (M.D. Fla. 2009) ("[R]emoval would be appropriate if Defendant had used an 'other paper' under 28 U.S.C. § 1446(b) to establish the jurisdictional amount, such as Plaintiff's answers to requests for admissions regarding the jurisdictional amount, interrogatory responses regarding the amount of Plaintiff's damages, deposition testimony, or even medical bills or invoices establishing the amount of Plaintiff's damages.").

Lowe's relies on Vazquez's admission that he is "seeking damages in this case in excess of $75,000.00." (Doc. 1-3). But this "alone is insufficient," as Vazquez's response is nothing more than a "generic admission." *Rhodes v. Safeco Ins. Co. of Illinois*, No. 2:17-CV-379-FTM-38CM, 2017 WL 9887861, *1-2 (M.D. Fla. July 31, 2017); *see also Eckert v. Sears, Roebuck & Co.*, No. 8:13-cv-2599-SDM-EAJ, 2013 WL 5673511, *1 (M.D. Fla. Oct. 17, 2013) (quoting *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012) ("[A] plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because '[j]urisdictional objections cannot be forfeited or waived.'")).

Lowe's also points to Vazquez's allegations of an "injury to his left arm" that has caused "pain and suffering, disability, and disfigurement, mental anguish, loss

2

of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previously existing condition." (Doc. 6 at ¶ 10). But such "assertions of loss inhere in almost every tort complaint, convey *no fact*, and certainly establish no amount in controversy." *Truman v. Larkin*, No. 8:12-cv-2264-T-23EAJ, 2012 U.S. Dist. LEXIS 156121, *2 (M.D. Fla. Oct. 31, 2012) (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (emphasis in original)); *see also Bienvenue v. Wal-Mart Stores, E., LP*, No. 8:13-cv-1331-T-33TGW, 2013 WL 5912096, *2 (M.D. Fla. June 19, 2013) (similar "unspecific allegations" failed to convince the court that the jurisdictional amount had been met). In sum, these bare assertions coupled with Lowe's failure to submit treatment records, medical bills, or any other *evidence* about the severity of the alleged injury, leaves us with little more than speculation about the amount in controversy. Therefore, Lowe's has failed to meet its burden and we must remand.[1]

Accordingly, Vazquez's motion to remand (Doc. 11) is **GRANTED**. If no Rule 72(a) objections are filed within **14 days** of this order, then the clerk is directed to **REMAND** this case by transmitting a certified copy of this order to the clerk of court for the Twentieth Judicial Circuit in and for Collier County, Florida (Case No.

---

[1] Lowe's suggests that it should be permitted to take additional discovery to develop the amount in controversy. However, that effort should have taken place in state court and not here. *See Blue Int'l Grp., Inc. v. Am. Zurich Ins. Co.*, No. 2:24-cv-162-SPC-KCD, 2024 U.S. Dist. LEXIS 48941, at *3 (M.D. Fla. Mar. 20, 2024) ("Generally, jurisdictional discovery should be conducted *before* removal—not *after*.") (emphasis in original). If it marshals such evidence and can make the requisite showing under 28 U.S.C. § 1446(c)(1), Lowe's can re-remove the action.

2023-CA-1492). Following remand, the clerk shall terminate any pending motions and scheduled events and close the case. If any objections are timely filed, then the clerk is directed to withhold disposition until so ordered by the district judge.[2]

**ORDERED** on June 17, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] While a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), this takes a back seat to the later-enacted provisions of 28 U.S.C. § 636(b) that expressly provide for district-judge review of magistrate-judge orders. Furthermore, Civil Rule 72 was enacted after both § 1447(d) and § 636(b), and it, too, provides for district-judge review of magistrate-judge orders. "The Rules Enabling Act provides that after the effective date of any rule of procedure 'all laws in conflict therewith shall be of no further force or effect.'" *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 943 (2020) (citing Pub. L. No. 73-415, § 1, 48 Stat. 1064). So, both § 636(b) and Civil Rule 72 trump § 1447(d), and a district judge may review a magistrate judge's remand order.

In fact, all dispositions—recommended or not—entered by a magistrate judge are reviewable by a district judge (even if there is no objection). *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'"). A remand motion is not among the eight exceptions. *See Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand as long as an opportunity was provided for any party to seek a Rule 72 review of the order."). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judges statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.